UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MAN FERROSTAAL, INC.,

                    **Plaintiff,**

     - against -

M/V SMART, her engines, boilers, tackle,
etc., CARGO-LEVANT SCHIFFAHRTSGES,
MBH, WESTERN BULK CARRIERS AS,
MARYVILLE MARITIME INC, GREENPOINT
MARINE SA,

                    **Defendants**
-----------------------------------------------------------------X

07  CV  7302  (BSJ)

**ANSWER WITH AFFIRMATIVE
DEFENSES AND CROSS-CLAIM**

       Defendants, MARYVILLE MARITIME INC., AND GREENPOINT MARINE SA

(herein "answering defendants"),, by and through their attorneys, RAWLE & HENDERSON,

LLP, answer THE VERIFIED Complaint of plaintiff upon information and belief as follows:

       FIRST:       Answering Defendants deny knowledge or information sufficient to form a

belief as to the allegations contained in paragraphs "1", "2", "5" and "6" of plaintiff's Verified

Complaint.

       SECOND:     Answering Defendants deny each and every allegation contained in

paragraphs "3", "4" and  "8" of plaintiff's Verified Complaint.

       THIRD:      Paragraph "7" of plaintiff's Complaint calls for neither an admission or

denial.

      <u>AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

       FOURTH:     The Complaint fails to state a claim against answering defendants on

which relief can be granted.

2015460-1

AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTH:        Answering defendants are not liable to plaintiff on the causes of action alleged in the Complaint.

AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTH:        If there was any loss and/or damage to cargo as alleged in the Complaint, it was occasioned by causes for which the answering defendants are exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, et seq.

AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTH:    If this Honorable Court finds that plaintiff has suffered damages to cargo for which answering defendants are liable, said damages much be limited pursuant to 46 U.S.C.A. 1304 (5).

AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTH:       If there was any loss of an/or damage to cargo as alleged in the Complaint, answering defendant is not liable to the plaintiff by reasons of the provisions contained in the bills(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINTH:        If there was any loss and/or damage to cargo as alleged in the Complaint, it was occasioned by causes for which the answering defendants are exonerated under the Harter Act, title 46 U.S.C.A. § 190, et seq.

AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TENTH:        Answering defendants put plaintiff to its proof of compliance with the

2015460-1

provisions for giving notice and the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea Act, 1936.

AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

ELEVENTH: Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while they were in the possession or custody of answering defendants or on board the carrying vessel(s) arose from the conditions of the goods when delivered to answering defendants or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient pack, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper (s) or owner of the goods, their agent or representatives, and defendants are not under any liability for any such loss or damage.

AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWELFTH: (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ship(s) in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessel(s), which is denied, answering defendants are not under liability therefore.

AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH: Plaintiff's claim is barred by the statute of limitations contained in both the aforementioned bills(s) of lading and the United States Carriage of Goods by Sea Act,

2015460-1

1936 and/or or the Doctrine of Laches.

### AS AND FOR A ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH:       Any damages sustained by plaintiff, as alleged in the Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom answering defendants had and have no direction or control.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH:       Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH:       Any injuries that may have been sustained by plaintiff, as alleged in its Complaint, occurred as a direct result of plaintiff's own negligent conduct, and not by any negligence of answering defendants and as such plaintiff is barred from recovery in this action.

### AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH:       Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in plaintiff's Complaint, and its recovery, if any, must be diminished in proportion thereto.

### AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH:       Plaintiff herein has failed to mitigate its damages.

### AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINETEENTH:       The forum is inconvenient and the Complaint should be dismissed pursuant to the Doctrine of Forum Non Conveniens.

2015460-1

AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTIETH:          The action, or part thereof, is founded upon improper venue

and/or should be transferred pursuant to 28 U.S.C. § 1404.

AS AND FOR AN EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIRST:          The terms of the bill(s) of lading, tariff and/or governing

contracts between the parties require that this matter be heard in a forum other than this Court.

AS AND FOR A NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SECOND:          Plaintiff has failed to bring answering defendants within the

personal jurisdiction of the Court.

AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-THIRD:          This Court lacks personal jurisdiction of the answering

defendants.

AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE

TWENTY-FOURTH:          Plaintiff has failed to make proper service of process upon

answering defendants.

AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE

TWENTY-FIFTH:          This Answer and Cross-claim is made without waiver of

any jurisdictional defenses or rights to arbitrate that may exist between the parties.

**AS AND FOR A CROSS-CLAIM AGAINST
CARGO-LEVANT SCHIFFAHRTSGES MBH and
WESTERN BULK CARRIER AS**

TWENTY-SIXTH:          This is a claim under the Court's Admiralty and Maritime

2015460-1

Jurisdiction, and under the Court's diversity and pendent jurisdiction.

TWENTY-SEVENTH:        That all times mentioned hereafter MARYVILLE

MARITIME INC. was and is a corporation duly organized and existing pursuant to the laws of a

foreign country.

TWENTY-EIGHTH:        That all times mentioned hereafter GREENPOINT

MARITME SA was and is a corporation duly organized and existing pursuant to the laws of a

foreign country.

TWENTY-NINTH:        That defendant CARGO-LEVANT SCHIFFAHRTSGES

MBH was and is a corporation organized and existing under the laws of a foreign country.

THIRTIETH:        That defendant WESTERN BULK CARRIER AS was and

is a corporation organized and existing under the laws of a foreign country.

THIRTY-FIRST:        That if plaintiff suffered any loss and/or damage, which is

denied, the loss and/or damage was caused solely by the negligence, breach of contract (express

or implied), breach of warranty (express or implied) and/or the fault of defendants CARGO-

LEVANT SCHIFFAHRTSGES MBH and WESTERN BULK CARRIER AS.

THIRTY-SECOND:        That if defendants MARYVILLE MARITIME INC. and

GREENPOINT MARINE SA are responsible for any of the loss and/or damage sustained by

plaintiff herein, defendants MARYVILLE MARITIME INC. and GREENPOINT MARINE SA

are entitled to indemnification and/or contribution in whole or in part from the co-defendants

CARGO-LEVANT SCHIFFAHRTSGES MBH and WESTERN BULK CARRIER AS for said

losses and/or damage including costs and reasonable counsel fees.

2015460-1

WHEREFORE, defendants MARYVILLE MARITIME INC. and GREENPOINT

MARINE SA demand judgment dismissing the Verified Complaint herein, along with costs,

fees, including reasonable attorneys' fees and disbursements, of this action, and further demand

judgment against the co-defendants CARGO-LEVANT SCHIFFAHRTSGES MBH and

WESTERN BULK CARRIER AS for all sums which may be recovered by plaintiff against

defendants MARYVILLE MARITIME INC. and GREENPOINT MARINE SA, including

reasonable attorneys' fees, disbursements, and for such other and further relief as to the Court

may seem just and proper.

Dated: New York, N.Y.
      December 17, 2007

                    RAWLE & HENDERSON LLP
                    Attorneys for Defendants
                    MARYVILLE MARITIME, INC. and
                    GREENPOINT MARINE SA


By:     _____
               Diane B. Carvell (DBC 9286)
               140 Broadway
               Suite 4636, 46th Floor
               New York, NY 10005
               (212) 858-7570


TO:    KINGSLEY KINGSLEY & CALKINS
        Attorneys for Plaintiff
        91 West Cherry Street
        Hicksville, NY 11801
        (516) 931-0064

        MAHONEY & KEANE, ESQS.
        Attorneys for Western Bulk Carriers AS
        111 Broadway, 10th Floor
        New York, NY 10006

2015460-1

## CERTIFICATE OF SERVICE

I, Diane B. Carvell, certify that a copy of the foregoing pleading was filed with the Court

via the Electronic Case Filing System, and was served on the below listed counsel of record

through the same means, unless they are not registered to receive filings electronically, in which

case service was made by U.S. Mail, postage pre-paid.

> Harold M. Kingsley, Esquire
> KINGSLEY KINGSLEY & CALKINS
> 91 West Cherry Street
> Hicksville, NY 11801
>
> Edward A. Keane, Esquire
> MAHONEY & Keane, LLP
> 111 Broadway, 10th Floor
> New York, NY 10006

RAWLE & HENDERSON LLP

By: _Diane B Carvell_

Diane B. Carvell (DBC 9286)
Attorneys for Defendants M/V SMART, *IN REM*,
MARYVILLE MARITIME, INC. and
GREENPOINT MARINE SA
140 Broadway
Suite 4636, 46th Floor
New York, NY 10005
(212) 858-7570

DATED:12-17-07

2015460-1