LYONS & FLOOD, LLP
65 W. 36th Street, 7th Floor
New York, NY 10018
(212) 594-2400

Attorneys for Defendant
CARGO-LEVANT SCHIFFAHRTSGES MBH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MAN FERROSTALL, INC.,

                        Plaintiffs,

       - against -

M/V SMART, her engines, boilers, tackle, etc.,
CARGO-LEVANT SCHIFFAHRTSGES MBH,
WESTERN BULK CARRIERS AS, MARYVILLE
MARITIME INC., GREENPOINT MARINE SA,

                        Defendants.
------------------------------------------------------------------------X

**ECF CASE**

07 Civ. 7302 (BSJ) (FM)

**ANSWER TO VERIFIED COMPLAINT WITH CROSS-CLAIM**

      Defendant CARGO-LEVANT SCHIFFAHRTSGES MBH ("CARGO-LEVANT"), by its attorneys, LYONS & FLOOD, LLP, as and for its Answer to the Verified Complaint, alleges upon information and belief as follows:

      1.     Admits that this is an admiralty and maritime claim with respect to the carriage of goods by water, but except as so specifically admitted herein, denies the remaining allegations of paragraph 1 of the Verified Complaint.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2, 5, and 6 of plaintiff's Verified Complaint.

      3.     Admits that defendant CARGO-LEVANT was a charterer of the M/V SMART, but except as so specifically admitted herein, denies the remaining allegations of paragraph 3 of

the Verified Complaint.

4. Denies the allegations contained in paragraphs 4 and 8 of plaintiff's Verified Complaint.

5. Paragraph 7 of plaintiff's Verified Complaint calls for neither admission nor denial.

**FIRST AFFIRMATIVE DEFENSE**

6. The Verified Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

7. Plaintiff is not the real party in interest and is not entitled to maintain this action in violation of Rule 17 of the Federal Rules of Civil Procedure.

**THIRD AFFIRMATIVE DEFENSE**

8. The shipment described in plaintiff's Verified Complaint is subject to all the terms, conditions, and exceptions contained in certain bills of lading then and there issued therefore by which plaintiff, shippers, cargo owners, consignees, and holders of said bill of lading agreed to be and are bound.  Any mis-delivery, non-delivery, non-conformance, shortage, loss or damage to the shipments, which defendant expressly denies, was due to causes for which defendant is not liable or responsible by virtue of the provisions of the U.S. Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. 1300 *et seq*. approved April 16, 1936, the Harter Act, the provisions of the bill of lading, and/or the General Maritime Law and/or applicable foreign law and/or charter party and/or fixture agreement and/or the Hague Rules or the Hague-Visby Rules.

**FOURTH AFFIRMATIVE DEFENSE**

9. Due diligence was exercised to make the Vessel and her appurtenances seaworthy and to make all other parts of the vessel in which goods are carried, fit and safe for their

reception, carriage, and preservation.

### FIFTH AFFIRMATIVE DEFENSE

10. If the shipments were damaged, which defendant expressly denies, the damage was caused by or due to insufficiency of packaging or inadequacy of marks of the goods for which the defendant is not liable pursuant to §§ 1304(2)(n) and (o) of COGSA and by the terms of the contracts of carriage

### SIXTH AFFIRMATIVE DEFENSE

11. Any damage to the shipment, which is expressly denied, was caused by, due to, or contributed to by inherent defect, quality or vice of the goods for which defendant is not liable pursuant to § 1304(2)(m) of COGSA and by the terms of the contracts of carriage.

### SEVENTH AFFIRMATIVE DEFENSE

12. Plaintiff has failed to mitigate reasonably its alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

13. Any damage to the goods, which is expressly denied, was caused by, due to or contributed to by an act or omission of the shipper or its agents or servants or owner of the goods for which defendant is not liable pursuant to § 1304(2)(i) of COGSA and by the terms of the contracts of carriage.

### NINTH AFFIRMATIVE DEFENSE

14. The maximum liability of defendant, if any, is $500 per package or per customary freight unit for goods not shipped in packages as agreed in the provisions of the bills of lading and pursuant to the provisions of COGSA, specifically § 1304(5).

### TENTH AFFIRMATIVE DEFENSE

15. If the shipments were damaged, which is expressly denied, said damage was

caused in whole or in part by the contributory negligence of the plaintiff and/or its agents or servants, including but not limited to, the stevedores at the load port and discharge port.

### ELEVENTH AFFIRMATIVE DEFENSE

16. If plaintiff's cargo sustained any loss or damage, which defendant expressly denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the defendant and without the fault or neglect of the agents or servants of the defendant, and the defendant is not liable pursuant to § 1304(2)(g) of COGSA.

### TWELFTH AFFIRMATIVE DEFENSE

17. If plaintiff's cargo sustained any loss or damage, which defendant expressly denies, said loss or damage was caused by a peril, danger, or accident of the sea or other navigable waters for which the defendant is not liable pursuant to § 1304(2)(c) of COGSA and the terms of the contracts of carriage

### THIRTEENTH AFFIRMATIVE DEFENSE

18. The goods which are the subject of this action are presumed to be in the same condition when delivered to the receiver/consignee as when received by the carrier because plaintiff did not give timely written notice of damage under the provisions of the contracts of carriage and as required by § 1303(6) of COGSA.

### FOURTEENTH AFFIRMATIVE DEFENSE

19. If the goods were lost or damaged, which is expressly denied, the loss or damage was caused by the act, neglect, or default of the master, mariner, pilot, or servants of the carrier in the navigation or in the management of the ship, and the defendant is not liable pursuant to § 1304(2)(a) of COGSA and the terms of the contracts of carriage.

### FIFTEENTH AFFIRMATIVE DEFENSE

20. Plaintiff has failed to add an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure and, therefore, the action should be dismissed.

### AS AND FOR CROSS-CLAIMS AGAINST DEFENDANTS WESTERN BULK CARRIERS AS, MARYVILLE MARITIME INC, AND GREENPOINT MARINE SA

21. Defendant CARGO-LEVANT repeats and realleges paragraphs 1 through 21 of the Answer to plaintiff's Verified Complaint with the same force and effect as if repeated and set forth at length herein.

22. These cross-claims are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

23. If there were any loss or damage to the shipments referred to in plaintiff's Verified Complaint, which is denied, and said loss or damage caused any liability to defendant CARGO-LEVANT, then said liability was caused in whole or in part by defendants WESTERN BULK CARRIERS AS' ("WBC"), MARYVILLE MARITIME INC's, and GREENPOINT MARINE SA's ("CO-DEFENDANTS") negligence, breach of contract and/or breach of warranties, implied or express, and by reason thereof, defendant CARGO-LEVANT is entitled to full indemnity and/or contribution from CO-DEFENDANTS for its loss and damage, including attorneys' fees and expenses.

24. The cross-claim against defendant WBC is not a waiver of the arbitration provision in the fixture or charter party between CARGO-LEVANT and WBC.

WHEREFORE, defendant CARGO-LEVANT prays:

a. that judgment be entered in favor of defendant CARGO-LEVANT and against plaintiff, dismissing the Verified Complaint herein together with costs and disbursements of this action;

b. that if for any reason defendant CARGO-LEVANT is found liable to plaintiff, then judgment be entered in favor of defendant CARGO-LEVANT and against CO-DEFENDANTS on the Cross-Claims herein; and

c. that judgment be entered in favor of defendant CARGO-LEVANT herein for such other and further relief as the Court deems just and proper.

Dated: June 5, 2008

> LYONS & FLOOD, LLP
> Attorneys for Defendant
> CARGO-LEVANT
> SCHIFFAHRTSGES MBH
>
> By: _/s/ Kirk M. Lyons_
> Kirk M. Lyons (KL-1568)
> 65 West 36th Street, 7th Floor
> New York, New York 10018
> (212) 594-2400

U:\kmhldocs\2618010\Legal\Answer - Man Ferrostaal.doc

## CERTIFICATE OF SERVICE

Kirk M. Lyons, an attorney duly admitted to practice before this Honorable Court, affirms on this 5th day of June 2008, I served true copies of the foregoing, by U.S. Mail, first-class postage pre-paid, to:

KINGSLEY KINGSLEY & CALKINS
Attorneys for Plaintiff
MAN FERROSTAAL, INC.
91 West Cherry Street
Hicksville, NY 11801

Attn: Harold M. Kingsley, Esq.

RAWLE & HENDERSON LLP
Attorneys for Defendants M/V SMART, *In Rem*
MARYVILLE MARITIME, INC. and
GREENPOINT MARINE SA
140 Broadway
Suite 4636, 46th Floor
New York, NY 10005

Attn: Diane B. Carvell, Esq.

MAHONEY & KEANE, LLP
Attorneys for Defendant WESTERN
BULK CARRIERS AS
11 Hanover Square, 10th Floor
New York, NY 10005

Attn: Edward A. Keane, Esq.

*Kirk M. Lyons*
Kirk M. Lyons

U:\kmhldocs\2618010\Legal\Answer - Man Ferrostaal.doc